UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO JAVIER GUAMBO IZURIETA (A-221-155-916),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,<br><br>Respondents. | No. 1:26-cv-7115 CSK<br><br>ORDER |

Petitioner Ernesto Javier Guambo Izurieta (A-221-155-916), a native and citizen of Ecuador who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On or about July 31, 2024, petitioner entered the United States without inspection and was detained by U.S. Customs and Border Protection. On August 1, 2024, petitioner was released on an order of recognizance. On August 17, 2026, petitioner was re-detained and has been in continuous detention since this date. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court grants the petition for a writ of habeas corpus and orders respondents to provide petitioner a bond hearing.

[1] The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 9.)

## I. FACTUAL BACKGROUND

Petitioner is a 38-year old citizen and native of Ecuador. (ECF No. 1 at 2.) Petitioner entered the United States on or about July 31, 2024, without inspection. (ECF No. 7-1 at 3.) That same day, the U.S. Customs and Border Protection arrested and detained petitioner at or near Sasabe, Arizona. (Id.) On August 1, 2024, petitioner was released on an order of recognizance, and enrolled in the Intensive Supervision Appearance program ("ISAP") as an alternative to detention. (Id.) Petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (ECF No. 1 at 41, 46-47.) In addition, the Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.) Petitioner was provided oral notice of the date and time of his February 2025 hearing in Spanish. (Id. at 47.) Thereafter, petitioner filed an application for asylum with the immigration court. (Id. at 24-27, 42.) Petitioner is authorized to work in the United States and has a Social Security card. (Id. at 34.)

Petitioner states he has no criminal record. (ECF No. 1 at 3, 6.) Respondents provided immigration records and petitioner's RAP sheet indicating that petitioner was arrested on June 26, 2026, and charged with one count of misdemeanor third degree assault with intent to cause physical injury, and second degree harassment, physical contact; both charges are pending. (ECF No. 7-1 at 3; ECF No. 7-3 at 8-9.) Otherwise, respondents do not contest petitioner's factual allegations. (See ECF No. 7.)

On August 17, 2026, petitioner was at home in Brooklyn, New York, in preparation for his home appointment with U.S. Immigration and Customs Enforcement ("ICE"). (Id. at 2, 39.) Instead of the ICE appointment, petitioner was arrested and re-detained. (Id. at 3.) Initially, petitioner was detained in Pennsylvania, but was subsequently transferred to a detention center in McFarland, California. (Id. at 3.) Petitioner has been in continuous detention since August 17,

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2026. (Id. at 203.)

## II. PROCEDURAL BACKGROUND

On September 4, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 14, 2026, respondents timely filed an opposition to the petition. (ECF No. 7.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention based on the following: (1) detention under 8 U.S.C. § 1225(b)(2)(A) is contrary to controlling Ninth Circuit law; (2) petitioner is entitled to relief from unlawful mandatory detention under 8 U.S.C. § 1225(b)(2); and (3) violation of the Fifth Amendment procedural due process clause. (ECF No. 1 at 8-11.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his re-detention as seeking release to raise a statutory claim under the INA (claims one and two) and a due process claim under the Fifth Amendment. (See ECF No. 1.) In their opposition to the

petition, respondents contend the detention authority in this case is 8 U.S.C. § 1226(a), and state petitioner is bond-eligible under Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). (ECF No. 7 at 1.) Respondents contend petitioner "declined to complete the paperwork to request a bond hearing." (Id. (citing ECF No. 7-1, ECF No. 7-2).)

Respondents do not argue that petitioner is a flight risk or a danger to the community and instead argue that petitioner's criminal history led to his detention by immigration officials, and "petitioner should be subject to the statutory bond scheme set forth in 8 U.S.C. § 1226(a)." (Id.)

**A. 8 U.S.C. § 1225(b) Does Not Apply (Claims One and Two)**

Petitioner's arguments concerning the application of 8 U.S.C. § 1225(b) are unavailing because respondents acknowledge petitioner is detained under 8 U.S.C. § 1226(a). (ECF No. 7 at 2.)

**B. Petitioner's Detention Under § 1226(a) (Statutory Claims One and Two)**

8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th at 1165. This Court agrees that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner was

expressly released on his own recognizance, he has resided in this country for over two years since his release in August 2024, and petitioner's August 2026 arrest and re-detention were not upon arrival to the United States.

"Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F.4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have been provided a bond hearing before re-detention and is entitled to relief on the statutory claim.

Respondents provided a copy of a Notice of Custody Determination form dated September 9, 2026, which has "REFUSED" handwritten across the portion of the form in which petitioner could acknowledge receipt of the notice, and could request an immigration judge review the custody determination. (ECF No. 7-2 at 1.) Because petitioner should have been given a pre-detention hearing, and this notice was completed over three weeks after his August 17, 2026 detention, this Notice does not alter this Court's decision. However, considering petitioner's recent arrest for assault, the Court orders respondents to provide petitioner a bond hearing rather than grant petitioner's request for immediate release.

**C. Petitioner's Other Claim for Relief (Claim Three)**

Because the Court grants the petition on the statutory claim (claims one and two), the Court need not address petitioner's due process claim (claim three) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling on his statutory claim (claims one and two).

## V. CONCLUSION

In summary, the petition for writ of habeas corpus is granted on petitioner's statutory claim (claims one and two).

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.
2. Respondents are ordered to provide petitioner Ernesto Javier Guambo Izurieta (A-221-155-916) with a constitutionally adequate bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the date of this order where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondents must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.
3. Given petitioner's pro se status, respondents are directed to file, within **seven days** of the bond hearing, a status report addressing petitioner's status.
4. The Clerk of the Court is directed to enter judgment in favor of petitioner and close this case.

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/izur7115.consent.2241.imm.BOND